IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
No 4:13-CV-117-BO

| | |
|---|---|
| LINDA CURTIS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | ORDER |
| ) | |
| CAROLYN COLVIN, ) | |
| Acting Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |

This matter is before the Court on the parties' cross-motions for judgment on the pleadings. [DE 21, 28]. A hearing on this matter was held in Elizabeth City, North Carolina on July 28, 2014. For the reasons detailed below, plaintiff's motion is DENIED and defendant's motion is GRANTED. Accordingly, the decision of the Commissioner is AFFIRMED.

## BACKGROUND

Plaintiff protectively filed for disability insurance benefits (DIB) and supplement security income (SSI) pursuant to Titles II and XVI of the Social Security Act on March 22, 2011. Ms. Curtis alleged disability beginning on December 31, 2008. The Social Security Administration denied plaintiff's application initially and upon reconsideration. On October 16, 2012, Plaintiff appeared and testified at a hearing before an Administrative Law Judge (ALJ), who denied her claim. The Appeals Council denied plaintiff's request for review and the ALJ's decision became the final decision of the Commissioner on April 16, 2013. Ms. Curtis now seeks judicial review of the Commissioner's final decision pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3).

1

## DISCUSSION

When a social security claimant appeals a final decision of the Commissioner, the district court's review is limited to the determination of whether, based on the entire administrative record, there is substantial evidence to support the Commissioner's findings. 42 U.S.C. § 405(g); *Richardson v. Perales*, 402 U.S. 389, 401 (1971). Substantial evidence is defined as "evidence which a reasoning mind would accept as sufficient to support a particular conclusion." *Shively v. Heckler*, 739 F.2d 987, 989 (4th Cir. 1984) (quoting *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966)). If the Commissioner's decision is supported by such evidence, it must be affirmed. *Smith v. Chater*, 99 F.3d 635, 638 (4th Cir. 1996).

An individual is considered disabled if he is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than [twelve] months." 42 U.S.C. § 1382c(a)(3)(A). The Act further provides that an individual "shall be determined to be under a disability only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other line of substantial gainful work which exists in the national economy." 42 U.S.C. § 1382c(a)(3)(B).

In evaluating whether a claimant is disabled, an ALJ uses a sequential multi-step process. First, a claimant must not be able to work in a substantial gainful activity. 20 C.F.R. § 404.1520. Second, a claimant must have a severe impairment that significantly limits his or her physical or mental ability to do basic work activities. *Id.* Third, to be found disabled, without considering a claimant's age, education, and work experience, a claimant's impairment must be of sufficient duration and must either meet or equal an impairment listed by the regulations (Listing). *Id.*

Fourth, a claimant may be disabled if his or her impairment prevents the claimant from doing past relevant work and, fifth, a claimant may be disabled if the impairment prevents the claimant from doing other work. *Id.* The burden of proof is on the claimant for the first four steps of this inquiry, but shifts to the Commissioner at the fifth step. *Pass v. Chater*, 65 F.3d 1200, 1203 (4th Cir. 1995).

After finding that plaintiff met the insured status requirements and had not engaged in substantial gainful activity since her alleged onset date, the ALJ determined that plaintiff had the following severe impairments: anxiety, mood disorder, bipolar disorder, attention deficit hyperactivity disorder, cervical degenerative disc disorder, and lumbar degenerative disc disorder. [Tr. 17–18].The ALJ then found that Ms. Curtis did not have an impairment or combination of impairments that met or equaled a Listing at step three, and had a residual functional capacity (RFC) to perform medium work limited to simple, routine, repetitive tasks. [Tr. 19–20.]. The ALJ found that plaintiff could not return to her past relevant work, but that, considering plaintiff's age, education, work experience, and RFC, there were other jobs that exist in significant numbers in the national economy that she could perform. Thus, the ALJ determined that plaintiff was not disabled as of the date of his opinion.

Ms. Curtis first contends that new evidence, namely her treating nurse practitioner's opinion, was submitted to the Appeals Council and there is a reasonable possibility that this evidence would have changed the outcome of this case. Plaintiff also contends that the ALJ erred by improperly evaluating her credibility, not considering the impact of side effects of her medications and frequency of treatment, and not finding plaintiff's migraine headaches to be a severe impairment. Upon review of the record and the decision of the ALJ, the Court finds that

3

substantial evidence supports the ALJ's decision, that he employed the correct legal standard, and that his decision should therefore be affirmed.

It is proper for a court to consider subsequent medical evidence where it is not duplicative or cumulative and if there is a "reasonable possibility that the new evidence would have changed the outcome of the case." *Wilkins v. Sec'y, Dept. of Health & Human Servs.*, 953 F.2d 93, 96 (4th Cir. 1991). Where a court determines subsequent evidence is material, not duplicative, or cumulative, remand is appropriate. 42 U.S.C. § 405(g). The nurse practitioner's opinion and treatment notes were submitted after the ALJ's decision, but were presented to the Appeals Council and thus, are appropriately considered here. *Wilkins v. Sec'y, Dep't of Health & Human Servs.*, 953 F.2d 93, 96 (4th Cir. 1991) (en banc). However, an opinion from a nurse practitioner is not entitled to any special weight. First, disability is a finding reserved to the Commissioner. 20 C.F.R. § 404.1527(d)(2). Second, nurse practitioners are not acceptable medical sources and cannot provide medical opinions. 20 C.F.R. §§ 404.1513, 404.1527(a)(2). Therefore, the nurse practitioner's statement is simply evidence like any other evidence that is not a medical opinion. Given the plethora of other evidence relied upon by the ALJ, the Court finds that the nurse practitioner's statements would not have changed the outcome of the case and do not warrant remand.

The ALJ's credibility determination in this case is supported by substantial evidence. In making said determination, the ALJ relied on the longitudinal medical record, plaintiff's testimony, and consultative examinations. The ALJ considered the entire record, which shows that while plaintiff experienced some mental and physical limitations, she had periods of stable mood coinciding with medication compliance and was capable of completing a reduced range of daily living functions. [Tr. 22]. The ALJ's decision to find plaintiff's subjective allegations of

4

pain and limitations only partially credible is supported by substantial evidence, and the Court finds no basis upon which to disturb the ALJ's credibility finding here. *Shively v. Heckler*, 739 F.2d 987, 989 (4th Cir. 1984) ("ALJ's observations concerning [credibility] are to be given great weight."). The ALJ clearly discussed all of the available evidence, based his credibility determination on the substantial evidence in the record, and accordingly, did not err.

The ALJ also considered the frequency of Ms. Curtis's treatment. Much of the ALJ's RFC determination focused on the plaintiff's mental health and whether she was compliant with medication. [Tr. 21–23]. While the ALJ did not explicitly discuss the side effects of Ms. Curtis's treatment, there is minimal evidence in the record beyond plaintiff's testimony to indicate that medication side effects would have changed the ALJ's decision. One of plaintiff's treating physicians consistently noted that she suffered no medication side effects, Tr. 774, 858, 859, and plaintiff never mentioned the same during her emergency room visits, Tr. 497–559. The Court finds that there is no question the ALJ would have reached the same conclusion had he explicitly addressed the medication side effects. Therefore the decision of the Commissioner is supported by substantial evidence in the record. *See Ngarurih v. Ashcroft*, 371 F.3d 182, 190 n.8 (4th Cir. 2004) (reversal is not required when the alleged error had no bearing on the substance of the decision); *Mickels v. Shalala*, 29 F.3d 918, 921 (4th Cir. 1994) (affirming despite error because no question that ALJ would have reached the same result notwithstanding his initial error).

Plaintiff bore the burden of demonstrating that her migraine headaches rose to the level of a severe impairment at step two. *Rogers v. Barnhart*, 216 Fed. App'x 345, 348 (4th Cit. 2007) (citing *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987)). The record contains only a few references to Ms. Curtis's headaches, Tr. 46–47, 556, 578, thus the ALJ's decision not to include plaintiff's migraines as a severe impairment at step two is supported by substantial evidence.

5

As the ALJ employed the correct legal standard and substantial evidence supports his findings, the decision of the Commissioner must be affirmed.

## CONCLUSION

For the foregoing reasons, plaintiff's motion for judgment on the pleadings [DE 21] is DENIED, and defendant's motion for judgment on the pleadings [DE 28] is GRANTED. The decision of the Commissioner is AFFIRMED.

SO ORDERED.

This **28** day of August, 2014.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE